## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

JASON HOLLOWAY                                                          PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 5:23-cv-00010-BWR

WARDEN SCOTT MIDDLEBROOKS, et al.                            DEFENDANTS

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

Proceeding *pro se* and *in forma pauperis*, Plaintiff Jason Holloway filed this Complaint [2] under 42 U.S.C. § 1983 while he was housed as an inmate at the Wilkinson County Correctional Facility ("WCCF") in Woodville, Mississippi. Compl. [2] at 2. Plaintiff originally named eighteen Defendants: (1) Warden Scott Middlebrooks; (2) James B. Burke, M.D.; (3) Management & Training Corporation ("MTC"); (4) Delvittia Dunmore Davis; (5) Chaplain Dewayne Anthony; (6) Deputy Warden George Castro; (7) Deputy Warden William DeRevere; (8) VitalCore Health Strategies, LLC ("VitalCore"); (9) Tiffany Ware; (10) Disciplinary Hearing Officer Shunleekee Penndleton; (11) Warden Darrell Vannoy; (12) Sergeant Joseph Hall; (13) Unit Manager Victoria Day; (14) Unit Zone Sergeant Bianca Reese (15) Nurse Eshunna Robinson; (16) Clerk Laverne Taylor; (17) Correctional Officer Ollie Boyd; and (18) Health Services Administrator Linda St. Julien. Order [1] at 2. He also named 100 unnamed Jane and John Does as Defendants. *Id.*

At an Omnibus Hearing on January 4, 2023,[1] Plaintiff voluntarily dismissed Defendants Davis, Castro, Ware, Vannoy, Hall, Day, Reese, Taylor, and Boyd. *Id.*

---

[1] The Omnibus Hearing gave Plaintiff a chance to clarify his claims. *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing"

He also advised the Court that he did not wish to proceed against the unnamed Jane and John Doe Defendants. *Id.*

Plaintiff originally pled six causes of action: (1) inadequate medical care; (2) denial of the right to practice religion; (3) denial of a prescribed medical diet; (4) denial of due process in disciplinary proceedings; (5) failure to follow policy on drug testing; and (6) denial of adequate furnishings. *Id.* at 1. Plaintiff dismissed the last two of these claims with prejudice at the Omnibus Hearing. *Id.* The Court then determined that the remaining four claims were misjoined under the Prison Litigation Reform Act ("PLRA") and Federal Rules of Civil Procedure 18 and 20. *Id.* at 4-6. The Court thus severed Plaintiff's original lawsuit (No. 5:21-cv-00063-BWR) into three separate lawsuits—one for each claim or set of related claims. *Id.* at 6-8. This lawsuit concerns only Plaintiff's claim that he was denied due process in disciplinary proceedings. *Id.* at 8.

After the Omnibus Hearing, and once the case had been severed, Defendants Middlebrooks, MTC, and Penndleton filed a Motion [14] for Summary Judgment on May 19, 2023. Plaintiff requested three extensions of time to respond to this Motion [14], and all of his requests were granted—finally allowing him through December 15, 2023, to respond. (Text-Only Order, Dec. 1, 2023). Plaintiff has not responded.

After thoroughly reviewing Defendants' Motion [14], along with Plaintiff's testimony at the Omnibus Hearing, the Court finds that Defendants' Motion [14] for

---

to allow a *pro se* plaintiff to provide a "more definite statement"), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989). The Omnibus Hearing Transcript is available as Document 5 on the Court's docket and will be cited throughout as "(Tr.)."

Summary Judgment should be granted.  Plaintiff failed to exhaust his administrative remedies before filing this lawsuit.  His claims will be dismissed without prejudice, and this case will be closed.

## I. BACKGROUND

Plaintiff was sentenced by the Alcorn County Circuit Court on July 20, 2015, to serve a 15-year term of imprisonment for strong armed robbery.  *See* Inmate Details, Jason Holloway, https://www.ms.gov/mdoc/inmate/Search/GetDetails/M0998 (last accessed Feb. 7, 2024).[2]  Plaintiff was transferred to WCCF around February 25, 2021.  Compl. [2] at 14.  On July 15, 2021, the Clerk of Court docketed Plaintiff's Complaint [2], which initially alleged a denial of adequate medical care under the Eighth Amendment.[3]  *Id.* at 12-18.

### A. Alleged Denial of Due Process in Disciplinary Proceedings

Plaintiff moved to amend his Complaint on September 24, 2021, to add a claim that disciplinary officers violated his Fourteenth Amendment right to procedural due process in handling a Rule Violation Report ("RVR") against him.  Mot. [6] at 2; *see also* Order [7]; (Tr. 17, 21, 31).  Specifically, Plaintiff claims that Penndleton, the disciplinary hearing officer, waited over two months from the date of the unspecified infraction to hold the hearing.  *Id.*  He claims that she denied him the right to call

---

[2] The Court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

[3] Plaintiff's claims related to his medical care, including the denial of his prescribed medical diet, were adjudicated in *Holloway v. Middlebrooks, et al.*, No. 5:23-cv-00008-BWR (S.D. Miss. Feb. 5, 2024) (Docs. 30-31).  He subsequently amended his Complaint to allege a denial of his right to practice religion, and that claim was adjudicated in *Holloway v. Middlebrooks, et al.*, No. 5:23-cv-00009-BWR (S.D. Miss. Feb. 7, 2024) (Docs. 24-25).

witnesses to testify on his behalf at the hearing, and she found Plaintiff guilty of the

infraction "based solely on the staff's report." *Id.* Plaintiff believes that he "was

already found guilty" before he "ever got to the hearing" because "[e]verything was

already [written] on a paper what [he] was going to get, what punishment was going

to be done, and everything." (Tr. 31).

Plaintiff blames Middlebrooks because he is "the one that responded to . . . the

appeals from the disciplinary proceedings." (Tr. 17). Plaintiff blames MTC because

it is "responsible for making sure the policies are followed, that [inmates] get a fair

hearing and [are] allowed to call witnesses according to [Mississippi Department of

Corrections ("MDOC")] policy." (Tr. 21).

Plaintiff's pleadings suggest that his due-process claim pertains to one

disciplinary hearing. *See* Mot. [6]. Plaintiff testified, however, that he had "been to

several" disciplinary hearings during his time at WCCF. (Tr. 54). He further testified

that he had "not gotten to call witnesses at any hearing [he had been] to since [he

had] been there." (Tr. 55).

### B. Plaintiff's Administrative Grievances

Defendants attached as Exhibit B to their Motion [16] a complete record of the

administrative grievances that Plaintiff filed between January 1, 2021, and

November 16, 2022. *See* Mot. [14-2] at 1. Plaintiff filed four grievances related to

disciplinary proceedings, along with one informal letter, during this time.

- On August 7, 2021, Plaintiff complained to the Legal Claims
  Adjudicator that he had been "put on restriction" for RVRs that were
  never served on him. *Id.* at 105.

4

- ***Grievance No. WCCF-21-634.***   On August 17, 2021, Plaintiff appealed RVR # 1939652 because "there [were] several errors during the process of being served the RVR and [on] the date [he] went to [his] hearing." *Id.* at 43.  The same day, Plaintiff appealed RVR # 1939707 because of alleged administrative errors. *Id.* at 46.  Plaintiff was notified on September 21, 2021, that his appeals were "denied" because he refused to submit to a drug test. Mot. [6-1] at 1.

- ***Grievance No. WCCF-22-89.***   On January 31, 2022, Plaintiff appealed RVR # 2011878, arguing that "policies of MDOC were not followed" during his disciplinary hearing.  *Id.* at 305.  This appeal was also denied because he refused to submit to a drug test.  *Id.* at 311.

- ***Grievance No. WCCF-22-252.***   On February 2, 2022, Plaintiff "file[d] [a] complaint against the Disciplinary Department . . . at WCCF," which "does not follow any of MDOC policies when it comes to the investigation, witnesses, or the actual hearing."  *Id.* at 326. Plaintiff was advised that the Disciplinary Department was "being monitor[ed] to ensure that . . . guidelines and procedure[s] are being followed." *Id.* at 330.

- ***Grievance No. WCCF-22-296.***  On May 15, 2022, Plaintiff appealed RVR # 2009500, arguing that extenuating circumstances caused him to commit the infraction. *Id.* at 335-36.  Plaintiff was later notified that this RVR was "expunged from [his] file." *Id.* at 337.

## II. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quotation omitted).  "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quotation omitted).  "On a motion for summary judgment, the court must view the facts in the light most

favorable to the non-moving party and draw all reasonable inferences in its favor."

*E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007).

"Summary judgment is proper if the movant demonstrates that there is an

absence of genuine issues of material fact." *Topalian v. Ehrman*, 954 F.2d 1125, 1131

(5th Cir. 1992).  "The movant accomplishes this by informing the court of the basis

for its motion, and by identifying portions of the record which highlight the absence

of genuine factual issues."  *Id.*  "Rule 56 contemplates a shifting burden: the

nonmovant is under no obligation to respond unless the movant discharges its initial

burden of demonstrating entitlement to summary judgment."  *Mack v. Waffle House,*

*Inc.*, No. 1:06-cv-00559-RHW, 2007 WL 1153116, at *1 (S.D. Miss. Apr. 18, 2007)

(quotation and brackets omitted).  "[O]nce a properly supported motion for summary

judgment is presented, the nonmoving party must rebut with significant probative

evidence." *Id*. (quotation omitted).

### III. DISCUSSION

Defendants' Motion [14] for Summary Judgment will be granted because

Plaintiff failed to exhaust his administrative remedies before filing this lawsuit.  His

claims will be dismissed without prejudice, and this case will be closed.

### A. The PLRA mandates exhaustion of administrative remedies before filing suit in federal court.

Exhaustion of administrative remedies through the prison grievance system is

a prerequisite for lawsuits filed under § 1983.  *Wright v. Hollingsworth,* 260 F.3d 357,

358 (5th Cir. 2001); *see also* 42 U.S.C. § 1997e(a) ("No action shall be brought with

respect to prison conditions under section 1983 of this title, or any other Federal law,

by a prisoner confined in a jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").  "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The Fifth Circuit takes a "strict approach" to the exhaustion requirement. *Flores v. Lappin*, 580 F. App'x 248, 249 (5th Cir. 2014) (quotation omitted). "Exhaustion is mandatory for 'all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Alexander v. Tippah Cnty.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).  Dismissal is mandatory where an inmate has failed to properly exhaust the applicable administrative grievance procedure before filing his complaint. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).  In other words, "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Id.*

A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  "Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement." *Evans v. Harrison Cnty. Adult Det. Ctr.*, No. 1:18-cv-00087-RHW, 2020 WL 980149, at *1 (S.D. Miss. Feb. 28, 2020).  A properly exhausted claim has

"complete[d] the administrative review process in accordance with the applicable

procedural rules."  *Woodford*, 548 U.S. at 88.  Those rules "are defined not by the

PLRA, but by the prison grievance process itself."  *Jones v. Bock*, 549 U.S. 199, 218

(2007).

Mississippi law authorizes MDOC to promulgate an "administrative review

procedure at each of its correctional facilities."  MISS. CODE ANN. § 47-5-801.  MDOC

thus established a "formal two-step process for handling inmate grievances."

*Yankton v. Epps*, 652 F. App'x 242, 245 (5th Cir. 2016).  MDOC's Administrative

Remedy Program ("ARP") is detailed in Chapter VIII of the Inmate Handbook.  *See*

Inmates, https://www.mdoc.ms.gov/inmates (last accessed Feb. 7, 2024).[4]  And the

Fifth Circuit summarizes the procedure like this:

> An inmate must file a grievance within 30 days of the complained-of
> incident. . . . The grievance is reviewed by the prison's legal-claims
> adjudicator and, if there is an adverse response at the first step, the
> inmate may proceed to step two. . . . If the inmate disagrees with the
> step-two response, he may sue.

*Wheater v. Shaw*, 719 F. App'x 367, 369-70 (5th Cir. 2018).

## B. **Plaintiff did not exhaust his administrative remedies before filing this lawsuit.**

Plaintiff's Complaint was docketed by the Clerk of Court on July 15, 2021.  *See*

*Holloway v. Middlebrooks, et al.*, No. 5:21-cv-00063-BWR (S.D. Miss. July 15, 2021)

(Doc. 1).  But his Complaint was signed on July 7, 2021, Compl. [1] at 11, and it was

postmarked on July 8, 2021, Compl. [2-2] at 1.  By operation of the prison-mailbox

---

[4] This Court may "tak[e] judicial notice of the contents of a state agency's website."  *Huskey v. Jones*, 45 F.4th 827, 831 n.3 (5th Cir. 2022) (upholding the district court's decision to take judicial notice of MDOC's website displaying the Inmate Handbook).

rule, the Court will deem either July 7 or July 8 as the date of filing. *See Cooper v. Brookshire*, 70 F.3d 377, 378-79 (5th Cir. 1995) (holding a complaint "should be deemed filed as of the date that [it was] duly submitted to prison authorities for forwarding to the clerk of court").

Plaintiff did not file, much less exhaust, his administrative remedies before this lawsuit was filed in July 2021. His informal letter about the disciplinary process at WCCF was dated August 7, 2021. Mot. [14-2] at 105. His four grievances about the disciplinary process were dated August 17, 2021, *id.* at 43; January 31, 2022, *id.* at 305; February 2, 2022, *id.* at 326; and May 15, 2022, *id.* at 335-36. "Exhaustion must be completed prior to filing suit; it may not be excused if exhaustion is achieved while the suit is pending." *Patterson v. Stanley*, 547 F. App'x 510, 512 (5th Cir. 2013). The evidence submitted by Defendants is thus sufficient to carry their initial summary-judgment burden of demonstrating their entitlement to judgment as a matter of law based on Plaintiff's failure to exhaust administrative remedies. *See Lane v. Doe*, 399 F. App'x 964, 965 (5th Cir. 2010) (affirming summary judgment based on failure to exhaust administrative remedies where the movant's evidence "establish[ed] beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in his favor" (quotation omitted)).

And Plaintiff has not met his burden as non-movant of "go[ing] beyond the pleadings and designat[ing] specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Defendants' Motion [14] must be granted because Plaintiff has not presented sufficient

information to show that he exhausted administrative remedies before this lawsuit was filed. *See, e.g., id.* at 1076.

## VI. CONCLUSION

Having thoroughly reviewed and liberally construed Plaintiff's pleadings and testimony, along with the Motion [14] for Summary Judgment now pending, the Court finds that Plaintiff failed to exhaust his administrative remedies before filing this lawsuit.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendants' Motion [14] for Summary Judgment is **GRANTED**. Plaintiff's claims against Warden Scott Middlebrooks, Management & Training Corporation, and Disciplinary Hearing Officer Shunleekee Penndleton are **DISMISSED WITHOUT PREJUDICE** for his failure to exhaust administrative remedies.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that this case is closed. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 8th day of February, 2024.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE